# Government Attorneys' Participation as Plaintiffs in a Suit Against the Office of Personnel Management

Assistant United States Attorneys (AUSAs) are not barred by 18 U.S.C. § 205 from participating as plaintiffs in a class action suit challenging the authority of the Office of Personnel Management (OPM) to reduce the cost of living allowance paid to all federal employees in Alaska, though they may not accept any compensation for assisting in prosecuting the claims of the class or act as agents or attorneys for the class.

The AUSA's duty of loyalty to a client under applicable standards of professional conduct does not preclude his joining a suit against OPM, but he should avoid taking an active or notorious role in the litigation.

March 9, 1981

## MEMORANDUM OPINION FOR AN ASSISTANT UNITED STATES ATTORNEY, DISTRICT OF ALASKA

This responds to your request for our opinion concerning the professional propriety of Assistant United States Attorneys (AUSAs) participating as plaintiffs in a class action lawsuit against the Office of Personnel Management (OPM). We understand that the suit would involve the authority of OPM to reduce the cost-of-living allowance paid to all federal employees in Alaska. You have advised us that none of the plaintiff AUSAs has any privileged government information that is relevant to the lawsuit, and that no government employee will act as agent or attorney for the plaintiff class. Under those circumstances, we conclude that the AUSAs may properly participate as members of the plaintiff class. However, we must advise you to avoid taking an active or notorious role in organizing or conducting the litigation, and to refuse any compensation for assisting in the lawsuit.[1]

The pertinent conflict of interest statute is 18 U.S.C. § 205. Section 205 contains two restrictions that will apply to your situation. (1) It prohibits Executive Branch employees from receiving any gratuity,

---

[1] We recognize that these restrictions may make it impossible for you to serve as class representatives in the lawsuit. Since you have indicated that you do not intend to serve as class representatives, we need not explore this possibility further.

share, or interest in any claim[2] against the United States in consideration for assistance in the prosecution of the claim, and (2) it prohibits Executive Branch employees from acting as agent or attorney for anyone[3] in connection with any particular matter in which the United States is a party. The first clause of the statute prohibits you from accepting any compensation for assisting in prosecuting the claims of the class. The second clause of the statute prohibits you from serving as agents or attorneys for the class.[4] Generally, this is interpreted to prohibit representational activity such as appearances in court, signing pleadings or letters, and direct contact with a federal agency on behalf of the class. Should you desire a more detailed explanation of the meaning and scope of the statutory term "act as agent or attorney," you should consult Manning, *supra* at p. 83, and 5 C.F.R. 737.5(b) (1) and (2).

In addition to the statutory restrictions, your professional responsibilities to a client agency may also constrain your activities in connection with the lawsuit. The Justice Department's Standards of Conduct incorporate by reference the Code of Professional Responsibility of the American Bar Association (Code). *See* 28 C.F.R. 45.735-1. The Code contains several principles that limit the activities that lawyers may undertake to the detriment of their clients.[5]

Canon 4 of the Code prohibits a lawyer from using a confidence or secret of a client to the disadvantage of the client. DR 4-101(B)(2). Canon 5 exhorts lawyers to avoid compromising influences and loyalties, including personal interests that may dilute their loyalty to their clients. *See* EC 5-1. Ordinarily, the principles of loyalty and confidentiality embodied in Canons 4 and 5 preclude a lawyer from acting as an advocate against a client, even if the litigation is wholly unrelated. For example, a lawyer should not ordinarily agree to represent someone in a tort action against a person for whom he is preparing an estate plan.

There are, however, circumstances where a lawyer may act as advocate against a client. The discussion draft of the ABA's proposed

---

[2] We do not have sufficient information to determine whether your anticipated lawsuit would constitute a "claim" against the United States. The term is not defined in the conflict of interest statute, but there is little doubt that the term covers at least suits seeking direct monetary relief from the United States. For a discussion of the possible breadth of the term, *see* Manning, Federal Conflict of Interest Law (1964) at pp. 85-88 We will assume hereafter that your lawsuit constitutes a claim within the meaning of the statute.

[3] In the past, this Office has taken the position that § 205 does not prohibit self-representation. However, in a suit, such as a class action, where there are multiple parties with claims that are virtually identical to the employee's claim, we read the statute to preclude the employee from participating as agent or attorney

[4] There is an exception to this prohibition for "personnel administration proceedings," but we need not determine whether your case would fit that exception because you do not intend to serve as agents or attorneys.

[5] For these purposes, you should consider OPM to be your "client," since your Office represents OPM on a continuing basis. We understand that, with one exception, all of the AUSAs in your Office handle civil cases for the client agencies

revision of its standards of conduct describes one situation where a lawyer might properly sue his client:

> For example, a lawyer engaged in a suit against a large corporation with diverse operations may accept employment by the corporation in an unrelated matter if doing so will not affect the lawyer's conduct of the suit and if both the litigant and the corporation consent upon adequate disclosure. Whether concurrent representation is proper can depend on the nature of the litigation. For example, a suit charging fraud entails conflict to a degree not involved in a suit for a declaratory judgment concerning statutory interpretation.

Draft dated January 30, 1980, at p. 29. Another situation is recognized explicitly in the current Code—the suit by a lawyer to collect his fee. *See* DR 4-101(C)(4). In our view, the same considerations would make it proper for a government lawyer to sue his client/employer over conditions of employment.[6] Accordingly, we conclude that you may be members of a plaintiff class in an action against OPM concerning the level of the cost-of-living allowance.

Although your duty of client loyalty will not prevent you from joining a suit against OPM, we do believe that it should caution you against taking an active or notorious role in the litigation. In particular, you should avoid organizing or encouraging others to join the suit or to bring similar suits against your client. Finally, your Office should take steps to ensure that OPM is adequately represented in the lawsuit by other Department of Justice counsel.

LARRY L. SIMMS
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[6] Congress has provided for suits by federal employees against their federal employer in a variety of contexts. *See, e.g.,* 42 U.S.C. § 2000e-16.